IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MAYA COLON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:23-cv-00527-DGK |
| MILLENNIA HOUSING MANAGEMENT, | ) |
| and | ) |
| BVA INVESTMENTS, LLC, | ) |
| Defendants. | ) |

### ORDER GRANTING MOTION TO DISMISS CERTAIN MMPA CLAIMS

This lawsuit arises from all fifty Plaintiffs' tenant–landlord relationships with Defendants. The Third Amended Complaint, ECF No. 35, alleges Plaintiffs have endured deplorable, unsafe, and unsanitary living conditions in their apartments due to Defendants' deceptive and unfair practices, negligence, and failure to observe their legal obligations under the parties' lease agreements and federal, state, and local law. The Complaint contains five counts: violation of the Missouri Merchandising Practices Act ("MMPA") (Count One), negligence (Count Two), negligence per se (Count Three), breach of contract (Count Four), and breach of the implied warranty of habitability (Count Five).

Now before the Court is Defendants' First Motion to Dismiss. ECF No. 46. The motion seeks to dismiss the MMPA claims of seventeen plaintiffs who entered leases more than five years prior to the date they were added to the litigation.[1] Because it is clear from the face of the Third

---

[1] The Court granted a similar motion in a companion case to this one. *See Colbert v. Millennia Housing Mgmt.*, No. 4:23-CV-00440-DGK (W.D. Mo. order filed March 8, 2024).

Amended Complaint that the statute of limitations has run on such MMPA claims, these claims are dismissed with prejudice.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

When it appears from the face of the complaint that the statute of limitations period has run, a statute of limitations defense may be asserted via a motion to dismiss for failure to state a claim. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004); *Smithrud v. City of St. Paul*, 746 F.3d 391, 395–96 (8th Cir. 2014) (affirming district court's dismissal under 12(b)(6) where it was clear from the face of the complaint that the statute of limitations had run).

2

**Discussion**

As detailed in Defendants' motion and undisputed by Plaintiffs, the Third Amended Complaint alleges that seventeen of the Plaintiffs entered into leases with Defendants more than five years prior to the date they joined this litigation. *See* Mot. at 2–3, ECF No. 46. Defendants argue—and Plaintiffs also do not dispute—that an MMPA claim carries a five-year statute of limitations, and that for lawsuits filed after August 28, 2020, the accrual date for an MMPA claim based on a lease is the date that Plaintiff entered the lease.

Plaintiffs argument that the Court should apply the general MMPA accrual statute here is unpersuasive. It completely ignores the fact that the Missouri legislature amended the MMPA in 2020 to provide that "[a] cause of action under this section accrues on the date of . . . [the] lease," thus establishing a specific statutory provision for accrual dates on leases. Mo. Rev. Stat. § 407.025.4 (effective August 28, 2020).

Given that at least five years and five months—and sometimes as much as twelve years—has elapsed between when these seventeen Plaintiffs signed their leases and asserted their MMPA claims in this lawsuit, these MMPA claims were brought too late. Consequently, these MMPA claims are dismissed with prejudice.

Defendants' motion is GRANTED.

**IT IS SO ORDERED.**

Date: <u>July 11, 2024</u>         <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT